IN THE THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

James Glover
Plaintiff,

v.

"Officer Oleyn, District 26", Unknown detective and other officers involved and City of Philadelphia L&I broad, Bradford Richmond in their official capacity
Defendant,

**Civil Action No.**

**COMPLAINT FOR DEPRIVATION OF SECOND AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983**

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. § 1983, providing a cause of action for the deprivation of rights secured by the United States Constitution.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as it involves federal constitutional claims.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) since the events leading to the claims occurred within this district.

**PARTIES**

4. Plaintiff James Glover is an individual and resident of Philadelphia, Pa.

5. Defendant "Officer Oleyn, District 26", Unknown detective and other officers involved and City of Philadelphia L&I broad, Bradford Richmond

**FACTUAL BACKGROUND**

6. On October 12, 2021, Plaintiff openly carried and filmed activities in Philadelphia, PA 19123 exercising his Second Amendment and First Amendment rights, as he had done in Philadelphia , Pa without issue for the most part for seven months.

7. Without any lawful basis, while Plaintiff was driving home after completing his filming activities, Defendants conducted an unlawful traffic stop of Plaintiff. During the stop, multiple

officers subjected Plaintiff to a gunpoint traffic stop and arrest, even though he had violated no laws.

8. Plaintiff was questioned by the police officers, and without lawful justification, the officers confiscated legally owned and stored weapons that were on his person and in the vehicle he was driving.

9. Plaintiff refused to provide his License to Carry Firearms (LTCF) pursuant to Doe, et al v. City of Philadelphia, et al., Philadelphia Court Of Common Pleas Case NO. 121203785, which states LTCF holders do not have to produce LTCF to law enforcement during interactions with law enforcement. Additionally, the city cannot confiscate your LTCF or firearms unless there is probable cause to believe that it is evidence of a crime. Furthermore, pursuant to Commonwealth v. Hicks, 208 A.3d 916 (Pa. 2019), possession of a firearm isn't reasonable suspicion of a crime. Over six thousand PPD officers were trained on this ruling, including the arresting officer (see exhibit). Although Plaintiff did not need to, he informed the officers that he possessed a valid LTCF and asserted that the stop was unlawful.

10. Plaintiff was arrested on October 12, 2021, under an alleged violation of the Uniform Firearms Act, despite having a valid LTCF at the time of the arrest. The Plaintiff was taken to the Philadelphia Police 24th District 3901 Whitaker Ave, Philadelphia, PA 19124, where he was subjected to false imprisonment for 6-8 hours, despite being the primary caretaker of two senior citizens, both with multiple disabilities, his grandmother and mother. The Plaintiff's LTCF was unlawfully revoked on October 13, 2021.

11. Plaintiff provided his full name and date of birth to the officers under coercion while being placed in a police paddy wagon. All his information was confirmed by the officers, yet Plaintiff was arrested without lawful basis, and his license was revoked on 10/13/21 without notification as required by Pennsylvania law. Lastly, the Plaintiff requested an emergency hearing with the Philadelphia L&I Broad in which the hearing was denied under the advisory Philadelphia police gun unit lawyer Bradford Richmond contributing further to the deprivation of my second amendment right. Plaintiff also contends that because the stop was unlawful all actions associated before, during and after are also unlawful.

**Cause of Action: Violation of Second Amendment Rights under 42 U.S.C. § 1983**

**Legal Basis for the Cause of Action:**

The actions of Defendant [Defendant's Name] in conducting an unlawful traffic stop, arresting Plaintiff without lawful justification, confiscating legally owned firearms, and subsequently revoking Plaintiff's LTCF without due process constitute a violation of Plaintiff's rights secured by the Second Amendment of the United States Constitution as well as other constitutional rights, including Article I, section 21 of the Pennsylvania State Constitution.

6109 of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. § 6109.

New York State Rifle & Pistol Association Inc. v. Bruen, 20-843, 2nd Cir. (Jun 23, 2022)

District of Columbia v. Heller, 554 U.S. 570 (2008)

**CLAIM FOR RELIEF**

12. Plaintiff asserts a claim for the deprivation of his Second Amendment rights and wrongful arrest under 42 U.S.C. § 1983, alleging that Defendant's actions, as described above, violated his rights secured by the Second and Fourth Amendments to the United States Constitution, as well as his Fifth and Fourteenth Amendment rights.

**PRAYER FOR RELIEF**

13. Plaintiff respectfully requests the following relief:

   a. A declaration that Defendant's actions violated Plaintiff's Second and Fourteenth Amendment rights and reinstate the Plaintiff's LTCF to valid status.

   b. Compensatory and punitive damages in the amount of $250k.

   c. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

   d. Any other relief this Court deems just and proper.

In accordance with Federal Rule of Civil Procedure 38, Plaintiff reserves the right to demand a trial by jury on all issues so triable, but may, at Plaintiff's discretion, opt for a bench trial.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. I understand that a false statement herein may be punishable by fine or imprisonment or both (18 U.S.C. § 1001)

Respectfully,

*James Glover* (signature)

James Glover
6532 N Woodstock St,
Philadelphia, PA 19138

gloverjames20@gmail.com
Supporting documents or evidence attached will be added

## Certificate of Service

James Glover,
I hereby certify that a copy of the foregoing document was mailed on or before this 9/23/23 to: "The following listed attorneys below sign where applicable"
Name: _____
Address: _____
Attorney for Respondent(s)

_____
Signature

Diana Cortes, City Solicitor Philadelphia
(215) 683-5003
diana.cortes@phila.gov

1515 Arch St.
17th Floor
Philadelphia, PA 19102

_____
Signature

Jacqueline C. Romero
(215) 861-8200
usapae.USAttorney@usdoj.gov
615 Chestnut St # 1250, Philadelphia, PA 19106

_____
Signature