## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. GLOVER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **OFFICER OLEYN, District 26,** | : | |
| **Unknown Detective and Other** | : | |
| **Officers Involved And City of** | : | |
| **Philadelphia L&I Broad, Bradford** | : | |
| **Richmond In Their Official Capacity** | : | **NO. 23-3688** |

### MEMORANDUM

**Savage, J.**                                                         **February 29, 2024**

Plaintiff James L. Glover filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting various violations of his constitutional rights.   His claims arise from a stop and search that occurred in Philadelphia on October 12, 2021, resulting in the confiscation of his guns and his detention for six to eight hours at the police station. Glover names as defendants Officer Oleyn, District 26, unknown detectives and officers, the City of Philadelphia L&I Board,[1] and Bradford Richmond.   The individual defendants are named in their official capacities.[2]

---

[1] Presently, this refers to the Philadelphia Board of Licenses and Inspection Review.

[2] Claims against municipal employees in their official capacities are indistinguishable from claims against the governmental entity that employs them.   *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).   "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."   *Id.* at 166.   Because Glover does not allege a municipal liability claim, we liberally construe his Complaint to assert claims against the defendants in their individual capacities.   *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings.") (quotations omitted).

Glover seeks leave to proceed *in forma pauperis*.[3]   Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*.

After screening his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as we must, we shall dismiss with prejudice his claim for money damages under the Pennsylvania Constitution, his Fifth Amendment claim, and his claims against the Philadelphia Board of Licenses and Inspection Review for failure to state a claim upon which relief may be granted.   We shall dismiss without prejudice his remaining claims for deprivation of his guns and gun license without due process in violation of the Second Amendment and for an unlawful search and seizure and false imprisonment in violation of the Fourth Amendment. We shall grant him leave to file an Amended Complaint as to those claims.

### FACTUAL ALLEGATIONS[4]

Glover alleges that on October 12, 2021, while openly carrying a firearm, he filmed activities in Philadelphia.[5]   While he was driving home, unnamed officers conducted a traffic stop and pointed guns at him.[6]   They questioned him and confiscated weapons found on his person and in his car.[7]   Though he told the officers he had a valid license

---

[3] Mot. for Leave to Proceed *in Forma Pauperis*, ECF No. 1.

[4] The allegations set forth in this Memorandum are taken from Glover's Complaint.   We accept them as true and draw all reasonable inferences from them in his favor.

[5] Compl. at 1, ECF No. 2.

[6] *Id.* at 2.

[7] *Id.*

to carry a firearm (LTCF), he was arrested for a violation of the Uniform Firearms Act.[8] He was taken to the 24th District Police Station where he was held for six to eight hours.[9]

    The following day, Glover's LTCF was revoked.[10]  He requested an emergency hearing before the Philadelphia L&I Board.  His request was denied on the advice of defendant Bradford Richmond, whom Glover identifies as the "Philadelphia police gun unit lawyer."[11]

    Glover asserts violations of his Second, Fourth, Fifth, and Fourteenth Amendment rights, and his rights under the Pennsylvania Constitution and the Pennsylvania Uniform Firearms Act ("PUFA"), 18 Pa. Cons. Stat. § 6109.[12] He seeks a declaration that the defendants violated his Second and Fourteenth Amendment rights, reinstatement of his gun permit, and an award of money damages.[13]

---

[8] Glover uses the term "LTCF."   We understand this to refer to a "License to Carry Firearm."

[9] Compl. at 1.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2-3.  Section 6109(i) of the PUFA governs revocation of licenses to carry firearms. Broadly, it specifies that the license may be revoked by the issuing authority (the sheriff, *see* section 6109(b)) for good cause and upon written notice stating the specific reasons for revocation.   "An individual whose license is revoked may appeal to the court of common pleas for the judicial district in which the individual resides."   18 Pa. Cons. Stat. *§* 6109(i).

[13] Compl. at 3.

## STANDARD OF REVIEW

Because the plaintiff is proceeding *in forma pauperis*, we must screen the Complaint and dismiss it if it fails to state a claim upon which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim under section 1915(e), we apply the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).   *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).   All well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff.   *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014).   Additionally, the *pro se* plaintiff's pleadings are deferentially construed, giving him the benefit of the doubt where one exists.   *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive screening, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   The plaintiff must allege facts that

indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). With these standards in mind, we accept the facts in the Complaint as true and draw all reasonable inferences from those facts in Glover's favor.

## DISCUSSION

### Claim for Money Damages Under Pennsylvania Constitution

There is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) (citing *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.")). Accordingly, Glover's claim for money damages for violations of Article 1 § 21 of the Pennsylvania Constitution will be dismissed with prejudice.

### Claims Against the Board of Licenses and Inspection Review

Glover names the Philadelphia Board of Licenses and Inspection Review as a defendant. Only persons can be sued under § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

of any rights . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. The Philadelphia Board of Licenses and Inspection Review is not a person.   Therefore, it will be dismissed.

Glover alleges that the Philadelphia Board of Licenses and Inspection Review, following the advice of an attorney, denied his request for an emergency hearing on the revocation of his gun permit.   He has not plausibly alleged that the Philadelphia Board of Licenses and Inspection Review has a policy and practice of depriving aggrieved parties due process to review licensing action taken against them.   To the contrary, the Philadelphia Code requires the Board of Licenses and Inspection Review to provide an appeal procedure for any person aggrieved by the revocation of any city license. Phila. Code § 5-1005.   Hence, we shall dismiss the claims against the Board with prejudice.

## Claims Against Bradford Richmond

To impose liability upon a defendant in a § 1983 action, the plaintiff must show that the defendant had personal involvement in the wrongdoing.   *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).   *Respondeat superior* alone does not give rise to § 1983 liability. Allegations based on the defendant's "responsibility for supervising" those involved, without more, are insufficient.   *Rode,* 845 F.2d at 1208. Rather, liability must be demonstrated by showing that the defendant personally directed or, with actual knowledge, acquiesced in the conduct.   *Chavarriaga*, 806 F.3d at 222 (citing *Rode*, 845 F.2d at 1207).   Allegations of personal involvement must be pled with particularity,

providing information on time, place, and persons responsible.   *Rode*, 845 F.2d at 1207–08 (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

Glover asserts a claim against Bradford Richmond, who Glover describes as the "Philadelphia police gun unit lawyer."[14]   He alleges that his request for an emergency hearing before the Board of Licenses and Inspection Review was denied on the advice of Richmond, depriving Glover of his Second Amendment rights.[15]   These sparse allegations do not state a plausible claim against Richmond.

In *Moody v. City of Philadelphia*, No. CV 18-2413, 2019 WL 3037179, at *5 (E.D. Pa. July 10, 2019), the *pro se* plaintiff asserted similar constitutional claims against Richmond based upon the revocation of his LTCF.   The district court held that Moody failed to adequately allege that Richmond was personally involved in the conduct resulting in the alleged constitutional violations.   *Id.* (citing *Rode*, 845 F.2d at 1207).   The allegation in *Moody* was that Richmond was "involved in, promoted, ratified, condoned, advised in relation to, or otherwise responsible for the issuance and revocation of LTCF." *Id.* at *7.   The conclusory and vague allegations were insufficient to show that Richmond was personally involved in revoking the plaintiff's license or that he directed others to do so.   *Id.*

Glover's single allegation against Richmond is similarly vague and does not plausibly allege that he was personally involved in the revocation of Glover's LTCF or his inability to get it back.   This claim will be dismissed.

---

[14] Compl. at 2.

[15] *Id.*

*Fifth Amendment Claims*

The Fifth Amendment applies to federal actors, not state or private actors. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).   Glover does not assert any claims against federal actors.   Thus, his Fifth Amendment claim will be dismissed with prejudice.

*Fourth Amendment Search and Seizure Claims*

Glover's allegations of an illegal search and seizure and false imprisonment are deficient.   He does not describe any conduct by defendant Officer Oleyn.   His bare allegation that "Defendants conducted an unlawful traffic stop of Plaintiff" is a conclusion unsupported by facts.   He alleges that he was questioned by police officers without lawful justification and that his weapons were confiscated.   He does not describe the relevant who, what, where, when, and how of the events that form the basis for his claims.

Although we must accept Glover's allegations as true, "we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Talley v. Wetzel*, 15 F.4th 275, 287 (3d Cir. 2021) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), as amended (June 14, 2013) (en banc)).   Glover does not identify which defendants performed the search or confiscated his firearms and provides no facts describing any particular defendant's conduct.   Accordingly, the Fourth Amendment claim will be dismissed for failure to state a plausible claim.

*Second Amendment Claim*

Glover asserts a violation of his Second Amendment rights based on the October 12, 2021, seizure of his firearms and the subsequent revocation of his license to carry a firearm on October 13, 2021.   His Second Amendment claim is deficient.

The Complaint does not allege that Glover's firearms were not returned to him. To the contrary, Glover attaches court orders from the Philadelphia Court of Common Pleas dated May 16, 2023, ordering the return of his firearms.[16]

Glover alleges that his license was revoked without notice but does not identify who revoked it.   Yet, he attaches the Revocation of License to Carry A Firearm Notice, dated May 2, 2023, from the Philadelphia Police Department Gun Permit Unit which informs him that his license was revoked for good cause, specifically for the improper display of a weapon, his character and reputation, and his careless and negligent behavior.[17]   He alleges that he sought an emergency hearing before the Board of Licenses and Inspection Review that was denied.   He does not allege that he was denied due process to challenge the Board of Licenses and Inspection Review determination. Under Pennsylvania law, "an individual whose license is revoked may appeal to the court of common pleas for the judicial district in which the individual resides."   18 Pa. Cons. Stat. § 6109(i).   Glover does not allege that he pursued this process or was prevented from doing so.

---

[16] Exs. at 17-19, Orders, Phila. Ct. Com. Pl., CP-51-MD-3262-2021, CP-51-MD-1836-2023, CP-51-MD-3263-2021, ECF No. 5-2.

[17] Exs. at 2, Revocation of License to Carry a Firearm, May 2, 2023, Philadelphia Police Department Gun Permit Unit, ECF No. 5-2.

Glover's Second Amendment claim lacks sufficient factual content to state a claim upon which relief can be granted.   Consequently, it will be dismissed without prejudice.

### Emergency Motion for Ex Parte Temporary Restraining Order

Glover has moved for an *ex parte* temporary restraining order.[18]   He seeks to enjoin the named defendants from enforcing the revocation of his LTCF and requiring them to return the license to "valid status."[19]   He also requests an Order enjoining the named defendants from interfering with his Second Amendment rights to bear arms in defense of himself and his property.[20]

A court may grant an *ex parte* temporary restraining order "only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and the moving party certifies efforts made to give notice to the adverse party and reasons notice should not be required.   Fed. R. Civ. P. 65(b)(1).   A temporary restraining order will be denied if the motion fails to show immediate and irreparable harm. *See id.*

In an amendment to his motion for an *ex parte* temporary restraining order, Glover asserts that he was deprived of his LTCF without due process under Pennsylvania law.[21]   In it, he challenges the reasons the officers confiscated his firearms and revoked his license.   In his motion for an expedited ruling, he asserts that he faces the "potential" for

---

[18]  Amended Mot. for Ex Parte Temporary Restraining Order, ECF No. 7; Emergency Motion for Ex Parte Temporary Restraining Order, ECF No. 3.

[19]  Emergency Motion for Ex Parte Temporary Restraining Order at 3.

[20]  *Id.*

[21]  Am. Mot. for Ex Parte Temporary Restraining Order at 3.

"irreparable harm." Pointing to high crime statistics in his Philadelphia neighborhood, Glover contends that the alleged deprivation of his Second Amendment right is "inherently irreparable" and that it "could lead to a situation where [he is] unable to adequately defend [him]self… in the face of imminent danger" or he "may" be exposed "to the risk of serious bodily harm."[22]   He also asserts that the fear of losing his Second Amendment rights "may have a chilling effect" on his exercise of free speech and assembly.[23]   He does not allege that he will face immediate and irreparable injury, loss, or damage.

A plaintiff seeking preliminary relief must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury." *Id.* (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 154-155 (2d ed.1995)); *see also Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."). Glover's motion fails to demonstrate an injury, much less an irreparable one.   Consequently, his motion for an *ex parte* Temporary Restraining Order will be denied.

---

[22]  Mot. for Expedited Ruling at 3.

[23]  *Id.*

**CONCLUSION**

Glover's claims based on the Fifth Amendment, for money damages under the Pennsylvania Constitution, and against the Philadelphia Board of Licenses and Inspection Review will be dismissed with prejudice.   His remaining claims based on the Second Amendment and Fourth Amendment will be dismissed without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 8.   Glover will be granted leave to amend his Complaint as to the claims dismissed without prejudice.